UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-61036-Bloom/O'Sullivan
Case No. 14-cr-60103-BB

BRANDON L. MEDINA,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

### ORDER

**THIS CAUSE** is before the Court upon the Emergency Motion for Compassionate Release, ECF No. [15] ("Motion"), submitted by Plaintiff Brandon L. Medina's mother, Michele Medina ("Movant").[1] The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

According to the Motion, Plaintiff "has health issues already in effect" and the COVID-19 pandemic has apparently made its way to the correctional facility where Plaintiff is currently housed. Movant requests early release on Plaintiff's behalf. Upon review, the Motion is unwarranted—procedurally and substantively.

On the procedural side, the Motion fails to present any power of attorney or other authority conferring standing on Movant to seek the present relief. While the Court certainly appreciates that the Movant is Plaintiff's mother (the Defendant in the criminal case), and understands her concern, that status does not establish the requisite legal authority. It is also unclear whether

---

[1] The Motion was filed in both the civil case and the underlying criminal case. For purposes of analysis, citations to the instant civil docket will use "ECF No." while citations to the criminal docket will use "CR ECF No."

Plaintiff is even aware that a motion has been filed requesting compassionate release, especially as the Motion represents that Plaintiff has not been able to use a phone because of the lockdown at the correctional facility. *Id.* at 1. The Motion can be denied on this basis alone. Second, even if Movant had standing to bring the Motion, it runs afoul of Local Rule 7.1(d), which governs emergency motions. Local Rule 7.1(d)(1) directs that a filer requesting emergency action "must set forth in detail the nature of the emergency, the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." *Id.* The filer, moreover, must "certify that the matter is a true emergency" by including certain language above the motion's signature block. Here, Movant fails to comply with these requirements set forth in the Local Rule. The Motion can independently be denied on this basis alone. *See id.* (explaining that the "unwarranted designation of a motion as an emergency motion may result in sanctions" and that an "unwarranted certification may lead to sanctions").

When a party certifies a motion as an emergency, "it is akin to sounding an alarm in the chambers of the district court judge and the magistrate judge assigned to the case." *VMR Prod., LLC v. Elec. Cigarettes Outlet, LLC*, No. 12-23092, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013). The Court and judicial staff must immediately set other matters aside to quickly address the emergency. *Id.* Examples of a bona fide emergency include "risks to the health and safety of individuals, situations where a person is about to be deported, scenarios involving the imminent destruction of property, circumstances under which a business is in real danger of immediate failure or significant financial collapse, or cases where someone is at risk of being denied an essential service." *Id.* The grounds raised in the Motion do not constitute an emergency.

Finally, on the substantive side, the Motion fails to present any basis to invoke compassionate release apart from a reference to Plaintiff's "health issues," which are not described

or otherwise supported. But more importantly, the Court already considered and denied Plaintiff's prior motion for compassionate release in his criminal case on September 11, 2020. *See* Case No. 14-cr-60103, CR ECF No. [156] ("Order"). That earlier request was founded largely on Plaintiff's concerns about contracting a severe case of the virus given his underlying medical conditions, such as obesity, hypertension, high cholesterol, and generalized anxiety disorder. In the Order, the Court noted that although it was sympathetic to Plaintiff's health conditions and his concerns regarding COVID-19 outbreaks in prison facilities, he nonetheless failed to satisfy the "extraordinary and compelling reasons" test to warrant compassionate release. *Id.* at 6.

Shortly after the Order was issued, Plaintiff filed a Letter for Consideration, again requesting the Court to reduce his sentence and grant him compassionate release. CR ECF No. [157]. The Court denied that motion, which it construed as a motion for reconsideration, given the Order and there were "no additional facts or circumstances that warrant reconsideration." CR ECF No. [159] ("Reconsideration Order"). The instant Motion, now filed several weeks after the Order and Reconsideration Order were issued, fails to present any bases for another reconsideration of the Order. The Court is sympathetic to Plaintiff's health concerns and Movant's concerns for her son's wellbeing, but "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or

compelling circumstances to support compassionate release."). Therefore, the Motion is unavailing.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Emergency Motion for Compassionate Release in Case Number 20-cv-61036, **ECF No. [15]**, is **DENIED**.

2. The Emergency Motion for Compassionate Release in Case Number 14-cr-60103, **ECF No. [161]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 22, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record

Brandon L. Medina
05196-104
Allenwood Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 2000
White Deer, PA 17887