UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61036-BLOOM
(CASE NO. 14-CR-60103-BLOOM)

BRANDON L. MEDINA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *Pro se* Movant Brandon L. Medina's ("Movant" or "Medina") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereafter, "Motion to Vacate") [D.E. 1]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 19]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that the Motion to Vacate be DENIED.

## THE UNDERLYING CRIMINAL CASE

On June 19, 2014, Medina was charged by way of a Superseding Indictment in Criminal Case No. 14-60103 (hereafter, "Case 14-60103") with the commission of the following offenses, during the period from April 29, 2014 to May 5, 2014:

    Count 1:    Possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)&(2).

    Count 2:    Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

      Count 3:      Possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1).

See Superseding Indictment [Case 14-60103, D.E. 32].

A jury trial was held on September 15-16, 2014, with Assistant United States Attorney Marc Stuart Anton ("AUSA Anton") representing the government and Assistant Federal Public Defender Michael D. Spivack ("AFPD Spivack") representing Medina. See Trial Transcripts [Case 14-60103, D.E. 122, 123]. On September 16, 2014, the jury returned a verdict of guilty as to all three counts of the Superseding Indictment. See Verdict [Case 14-60103, D.E. 76]. On January 30, 2015, Medina was sentenced to a term of imprisonment totaling 111 months, followed by a three-year term of supervised release. See Judgment [Case 14-60103, D.E. 101].

On December 7, 2015, the Eleventh Circuit affirmed Medina's conviction. See Mandate [Case 14-60103, D.E. 127]. On March 7, 2015, the Supreme Court denied Medina's petition for a writ of certiorari [Case 14-60103, D.E. 128].

On February 28, 2017, Medina filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereafter, "First Motion to Vacate") [Case 14-60103, D.E. 129]; see also Medina v. United States, Case No. 17-CV-60432-BB (hereafter, "Case 17-60432") [D.E. 1]. Therein, Medina argued that his trial lawyer, AFPD Spivack, had been ineffective for advising him to proceed to trial, rather than plead guilty. Id. Magistrate Judge Patrick A. White ("Judge White") appointed Ira N. Loewy ("Attorney Loewy") to represent Medina in the First Motion to Vacate and conducted an evidentiary hearing on the matter. See Order Appointing Counsel, Setting Evidentiary Hearing and Briefing Schedule [Case 17-60432, D.E. 5]; Transcript of Evidentiary Hearing [Case 17-60432, D.E. 33]. Thereafter, Judge White recommended that the First Motion to Vacate be granted. See Report of Magistrate Judge [Case 17-60432, D.E. 25 at 32].

By Order dated February 2, 2018, the Court only adopted in part the Report of Magistrate Judge; and denied the First Motion to Vacate [Case 17-60432, D.E. 37]. On appeal, the Eleventh Circuit vacated and remanded in part; and affirmed in part. See Medina v. United States, 797 F. App'x 431, 438 (11th Cir. 2019). After finding that the district court erred when it "rejected the magistrate judge's credibility determinations without holding its own evidentiary hearing," id. at 437, the Eleventh Circuit reached the following conclusion:

> Ultimately, we do not find it necessary to remand the case to the district court so that it may hold its own evidentiary hearing on Medina's ineffective assistance of counsel claim. We will instead conditionally vacate Medina's sentence based on his representations that he will enter an unconditional guilty plea to the three charges in the superseding indictment and remand the case for resentencing after Medina's guilty plea to all three charges. Further, we point out that if counsel's deficient performance had not occurred here, Medina would have pled guilty and his claims of innocence at trial and on direct appeal would not have occurred either. Thus, if Medina enters an unconditional guilty plea to the three charges, **he should be resentenced as if he pled guilty ab initio**. However, if Medina does not enter an unconditional guilty plea within 60 days, his current sentence is affirmed.

Id. at 437-38 (emphasis added).

On remand, the Court re-appointed Attorney Loewy to represent Medina for purposes of resentencing [Case 14-60103, D.E. 136]. Pursuant to the Mandate of the Eleventh Circuit, and after Medina had submitted a Letter of Acceptance of Responsibility [Case 14-60103, D.E. 135-1], the Court held a joint change of plea and sentencing hearing on February 7, 2020. See Transcript of Sentencing before the Honorable Beth Bloom United States District Judge (hereafter "Transcript") [Case 14-60103, D.E. 155]. The Court first accepted Medina's unconditional guilty plea as to all three counts of the Superseding Indictment and adjudicated him guilty of those offenses. Id. at 23-24. The Court then moved on to the sentencing hearing. Id. at 24-25.

In preparation for the sentencing hearing, the Probation Officer had provided the following input regarding potential adjustments to the base offense level of 20, which had been initially

computed in the Presentence Investigation Report [Case 14-60103, D.E. 96 at 7]:

> Should the Court accept the defendant's guilty plea to Counts One, Two, and Three of the Superseding Indictment, and accept the defendant's statement of acceptance, a two-level adjustment, pursuant to [U.S.S.G.] § 3E1.1(a), shall be applied. Presuming the United States Attorney's Office will motion for an additional one-level adjustment, pursuant to [U.S.S.G.] § 3E1.1(b), the total offense level will be 17.

See Second Addendum to the Presentence Report [D.E. 138-2].[1] However, at the sentencing hearing, the government argued that Medina should not receive the two-level reduction for acceptance of responsibility pursuant to U.S.S.G § 3E1.1(a) and did not move for the additional one level adjustment pursuant to U.S.S.G. § 3E1.1(b). See Transcript [Case 14-60103, D.E. 155 at 28-31]. Specifically, the government argued that Medina had "not voluntarily terminated or withdrawn from criminal conduct" based on a report of "nine violations that [had] occurred while [Medina had] remained in custody." Id. at 26-27.

The Court rejected the government's position with respect to the two-level reduction. Id. at 37. The Court found that it was "limited by the Eleventh Circuit's opinion with regard to an ab initio unconditional plea of guilty," and concluded that Medina was "entitled under 3E1.1 to a two-level reduction for acceptance of responsibility." Id.

Regarding the additional one-level reduction, for which the government did not move, Attorney Loewy argued as follows:

> But I do want to point out the Court of Appeals, in their decision, clearly noted that -- or was convinced that had Mr. Medina pleaded guilty initially, he would have received the three-level reduction. They talk about the 14-level difference. In the opinion, they go into the difference of three levels. They never discuss it as two levels.
>
> And I do want to note that, even though the Government never made a plea offer in this case, the Government was actively seeking a plea from Mr. Medina. At the hearing before Judge White, the Government introduced into evidence, as their own

---

[1] "U.S.S.G." refers to the United States Sentencing Commission's Sentencing Guidelines.

4

> Exhibit 2, an email exchange in which they sent a photograph to Mr. Spivack [Medina's trial attorney] saying: "Let me know if this photograph changes your client's mind regarding a plea. Note the seized firearm in his waistband." And during his testimony, in the transcript -- this is at Page 70 -- Mr. Spivack was asked, in connection with this: "And correct me if I'm wrong. But reading this, it seems to me that Mr. Anton was very interested in working out a plea with Mr. Medina; isn't that right?" Answer: "He wanted Mr. Medina to plead guilty. He wanted to avoid going to trial. I don't know if Mr. Anton was interested in offering him any kind of a deal."
>
> And he said: "Okay. Well, he sent you" -- this is the question -- "Okay. Well, he sent you this photograph in an effort to convince you that Mr. Medina plead guilty; isn't that right?" Answer: "Yes." So I would submit, based on this history, that had Mr. Medina pleaded guilty, based on proper advice of counsel before the first trial, I don't think Mr. Anton would have denied him the extra point. I can't read Mr. Anton's mind. It's hard to go back. But I think it's a reasonable inference based on the fact the Government was seeking a plea from the Defense, apparently an open plea at that time.

Id. at 35-36. The Court then engaged in the following colloquy with Attorney Loewy:

> THE COURT: I think we can sit here and speculate. But at this point, Mr. Loewy, unless the Government moves for the additional one-level reduction, at this point, the Court cannot force it upon the Government and we're looking at a two-level acceptance of responsibility.
>
> MR. LOEWY: Okay. I understand, Your Honor. I just want the record to be clear that we're objecting to that. And we think that the ab initio would require the Court to look back on it as to what the Government would have done at the time. So that's our argument.
>
> THE COURT: I believe the Eleventh Circuit's –
>
> MR. LOEWY: The Government, I think, would have done that at the time to get the plea, even though there was no other deals being offered. In light of the charges, I'm not sure what the Government could have offered.
>
> THE COURT: I'm not sure if the opinion went so far as to require that the Government file a motion for that additional one-level reduction. But I appreciate the argument. . . .

Id. at 36-37. The Court also confirmed with AUSA Anton that he was not moving for the additional one-level reduction based on Medina's acceptance of responsibility. Id. at 37.

Applying only the two-level adjustment, resulted in a total offense level of 18, which,

5

coupled with a criminal category of IV, yielded a guideline range of 41 to 51 months as to Counts 1 and 3 of the Superseding Indictment. Id. at 38. In addition, Medina was subject to a consecutive term of 60 months as to Count 2 of the Superseding Indictment. Id. The Court sentenced Medina at the low end of the guideline range, for a total term of 101 months, consisting of 41 months as to Counts 1 and 3, to run concurrently, plus 60 months as to Count 2, to run consecutively to Counts 1 and 3. See Judgment [Case 14-60103, D.E. 142]. The Court also imposed a 3-year term of supervised release to run concurrently as to all three counts. Id.

## THE MOTION TO VACATE

Medina's Motion to Vacate lists the following grounds:

GROUND ONE: Counsel provided ineffective assistance at resentencing by failing to object to the government's ignoring the directive of the Eleventh Circuit Court of Appeal's Mandate and by failing to object to the government's use of an impermissible ground for withholding the additional, or third level reduction, for acceptance of responsibility, and [Medina] was prejudiced thereby.

GROUND TWO: The government violated [Medina's] due process rights at resentencing by ignoring the directive of the Eleventh Circuit Court of Appeal's Mandate and by its use of an impermissible ground for withholding the additional, or third level reduction for acceptance of responsibility.

See Motion to Vacate [D.E. 1 at 4-5].

## APPLICABLE LAW

1. *Section 2255*

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. Relief is available pursuant to

Section 2255 if "the judgment was rendered without jurisdiction, or . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Id. Thus, such relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and internal quotation marks omitted).

2. *Ineffective assistance of counsel*

A claim for ineffective assistance of counsel under 28 U.S.C. § 2255 is subject to the two-pronged test set out in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced the defendant. Id. at 687.

As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. at 690. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). "In reviewing counsel's performance, a court must avoid using 'the distorting effects of hindsight' and must evaluate the reasonableness of counsel's performance 'from counsel's perspective at the time.'" Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000) (citing Strickland, 466 U.S. at 689). In order for counsel's performance to be considered unreasonable, it must be such that "no competent counsel would

have taken the action that . . . counsel did take." Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted) (citing Holladay v. Haley, 209 F.3d 1243, 1253 n.6 (11th Cir. 2000)). "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger" and the challenged actions may be considered sound strategy. Chandler, 218 F.3d at 1316 (footnote omitted) (citing Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998)); see also Strickland, 466 U.S. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim; failure to establish either prong is fatal and makes it unnecessary to consider the other one. Id. at 697. The Eleventh Circuit has recognized that, given the principles and presumptions associated with ineffective assistance claims, "the cases in which habeas petitioners can properly prevail are few and far between." Chandler, 218 F.3d at 1313 (alteration omitted) (quoting Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995)). The burden of persuasion on the movant is preponderance of the evidence. Chandler, 218 F.3d at 1313.

### 3. Sentencing Guidelines

Section 3E1.1 of the Sentencing Guidelines, entitled "Acceptance of Responsibility," provides:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted

> authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1.

Application Note 6 to Section 3E1.1 states, in pertinent part:

> In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case. For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.
>
> Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing. . . .  The government should not withhold such a motion based on interests not identified in § 3E1.1 such as whether the defendant agrees to waive his or her right to appeal.

U.S.S.G. § 3E1.1 n.6.

## DISCUSSION

Medina's Motion to Vacate is wholly predicated on his claim that he should have received an additional one-level reduction at resentencing pursuant to U.S.S.G. § 3E1.1(b).  According to Medina, the Eleventh Circuit's Mandate required this result because it directed that, "if Medina enters an unconditional guilty plea to the three charges, he should be resentenced as if he pled guilty ab initio."  <u>Medina</u>, 797 F. App'x at 438.  Medina bases his argument for the extra level reduction on two intertwined theories: (1) ineffective assistance of counsel; and (2) violation of his due process rights.

   1. ***GROUND ONE - Ineffective assistance of counsel***

Medina first contends that Attorney Loewy was ineffective at resentencing "by failing to object to the government's ignoring the directive of the Eleventh Circuit Court of Appeal's

9

Mandate and by failing to object to the government's use of an impermissible ground for withholding the additional, or third level reduction, for acceptance of responsibility, and [Medina] was prejudiced thereby." See Motion to Vacate [D.E. 1 at 4].

As noted above, AUSA Anton argued at the resentencing hearing that Medina was not entitled to any of the three base level reductions allowed by U.S.S.G. § 3E1.1 for acceptance of responsibility because he had "not voluntarily terminated or withdrawn from criminal conduct" based on a report of "nine violations that [had] occurred while [Medina had] remained in custody." See Transcript [Case 14-60103, D.E. 155 at 26-27]. The Court rejected the government's argument as to the two points allowed by U.S.S.G. § 3E1.1(a) but concluded that the third point was not available absent the government's filing of a motion pursuant to U.S.S.G. § 3E1.1(b). Id. at 36-37.

Attorney Loewy objected to the government's refusal to move for an additional point reduction under §3E1.1(b) by: recounting the Court of Appeals' discussion of a three-level, rather than a two-level reduction; and positing, based on the history of the case, that AUSA Anton would not have denied Medina the extra point had Medina initially pled guilty. Id. at 35-36. Moreover, in his colloquy with the Court, Attorney Loewy: explicitly objected to the government's decision not to move for the additional one-level reduction; reiterated his understanding that "the ab initio would require the Court to look back on it as to what the Government would have done at the time"; and expressed his belief that AUSA Anton would have decided to make the Section 3E1.1(b) motion earlier in the case to get Medina to plead guilty. Id. at 36-37. Thus, Attorney Loewy did object to the government's entire resentencing posture (which was to deny any reductions under §3E1.1, based on matters arising from Medina's custody) when he argued that the Eleventh Circuit's Mandate required the full three-point reduction based on an "ab initio" look

back at the case.

Based on the foregoing, the undersigned concludes that Attorney Loewy's performance at Medina's resentencing did not fall outside the range of professionally competent assistance. Strickland, 466 U.S. at 690.[2] Therefore, the performance prong of the Strickland test is not satisfied, and the undersigned need not consider the prejudice prong. Id. at 697 (requiring that both the performance and the prejudice prongs of an ineffective assistance of counsel claim be satisfied; and concluding that failure to establish either prong is fatal and makes it unnecessary to consider the other one). Accordingly, the undersigned recommends that the Motion to Vacate be denied as to Ground One.

### 2. GROUND TWO - Due process violation

Medina also contends that the government "violated [his] due process rights at resentencing by ignoring the directive of the Eleventh Circuit Court of Appeal's Mandate and by its use of an impermissible ground for withholding the additional, or third level reduction for acceptance of responsibility." See Motion to Vacate [D.E. 1 at 5]. Medina acknowledges that Ground Two was not presented on direct appeal. Id. at 10. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." Lynn, 365 F.3d at 1234 (citing McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001)). To overcome the procedural default arising from his failure to raise a claim of due process violation at resentencing on direct appeal, Medina

---

[2] In its Response, the government also argues that any objection by Attorney Loewy to its decision not to move for the third point under §3E1.1(b) would have been meritless, due to Medina having filed a pre-trial motion to suppress. See Response [D.E. 11 at 7]. However, in its written resentencing memorandum [Case 14-60103, D.E. 140] and at the resentencing hearing, the government only offered as justification for its posture Medina's in-custody violations. Therefore, the government's post-hoc argument plays no role in evaluating Attorney Loewy's performance.

must show "cause" to excuse such failure and "actual prejudice" resulting from the alleged due process violation. Brown v. United States, 720 F.3d 1316, 1333 (11th Cir. 2013) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Here, Medina's asserted cause is that "defense counsel thought that any appeal from the amended sentence would be futile." See Motion to Vacate [D.E. 1 at 10]. In support of this contention, Medina has submitted an email from Attorney Loewy dated February 7, 2020, stating, in pertinent part:

> As Judge Bloom stated, you have a right to appeal the sentence, but I see no valid reason to do so. For one thing, I think you have no reasonable possibility of winning on such an appeal. I honestly think her ruling that she cannot give you the 1 additional level without a government motion is unassailable on appeal. We have no way of proving you would have received the reduction back in 2015 and there is no doubt the government had a legally supportable reason not to give it.
>
> I think an appeal would be futile for another reason. By the time such an appeal would conclude, you should be eligible for release to a halfway house. There is no practical reason to take an appeal over a 4 month difference in your sentence, which would not result in your being released any earlier.
>
> Finally, assuming we took the appeal and won, resulting in a remand for another sentencing, I do not think Judge Bloom would be inclined to reduce your sentence any further. The four month difference in the low end of the guidelines is not worth the risk that you might even receive a greater sentence if there were any further disciplinary actions during the period of appeal. I recommend against filing a notice of appeal.
>
> ***
>
> Let me know your thoughts. I will NOT file a notice of appeal unless you expressly instruct me to do so. That is, however, your decision.

See Exhibit 1 to Memorandum of Law in Support of Motion to Vacate (hereafter, "Loewy Email") [D.E. 3-1].

"In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim

was available at all." Lynn, 365 F.3d at 1235 (citing Smith v. Murray, 477 U.S. 527, 534 (1986)). Here, there is no question that a due process violation claim would have been available for Medina to raise on an appeal of his resentencing. "Further, to show cause for procedural default, [Medina] must show that some objective factor external to the defense prevented [Medina] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [Medina's] own conduct." Lynn, 365 F.3d at 1235 (footnote omitted) (citing Smith v. Jones, 256 F.3d 1135, 1145 (11th Cir. 2001)). As shown by the very email upon which Medina relies to establish cause, Attorney Loewy: explained to Medina the rationale, futility and practicality of an appeal after resentencing; counseled against lodging such an appeal; and left to Medina the ultimate decision whether to file the appeal. See Loewy Email [D.E. 3-1]. Applying Lynn, the undersigned concludes that there is no "objective factor external to the defense conduct" which prevented Medina or Attorney Loewy from bringing the appeal; and that the decision not to appeal is fairly attributable to Medina; therefore, Medina has failed to establish the requisite cause for overcoming the procedural default barring his due process violation claim. Lynn, 365 F.3d at 1235. Accordingly, the undersigned recommends that the Motion to Vacate also be denied as to Ground Two.

## RECOMMENDATION

Based on the foregoing considerations, it is RESPECTFULLY RECOMMENDED that Medina's Motion to Vacate be DENIED. The undersigned further RECOMMENDS that no certificate of appealability issue pursuant to 28 U.S.C. § 2253(c).

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Beth Bloom, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file

objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 11th day of March, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies provided via CM/ECF to:

United States District Judge Beth Bloom
AUSA Marc Stuart Anton

Copy provided via U.S. Mail to:
Brandon L. Medina, *pro se*
Allenwood Medium Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 2000
White Deer, PA 17887